**THEISLER, Plaintiff-Appellee, v. LEONELLI, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3260.

Ralph R. Thombs, Youngstown, for plaintiff-appellee.

James C. Vitullo, Solomon Malkoff, Youngstown, for defendant-appellant.

## OPINION

By BUCKLEY, J.

This appeal came on to be heard upon questions of law, and was submitted to the court upon the assignments of error, bill of exceptions, briefs and argument of counsel.

For his assignment of error the defendant-appellant sets forth the following, to-wit: "Error in the court's charge to the jury".

In his brief the defendant-appellant takes exception to the instruction given by the trial court on the assured clear distance ahead doctrine.

It is the opinion of this court that such error is not well taken.

As set forth in the bill of exceptions, page 101, at the end of his instructions to the jury the trial court remarked:—

"That concludes the charge of the court unless counsel has something further.

"(Both sides confer with the court)

"Court: Ladies and gentlemen, that concludes the charge of the court and you will now retire in the company of the bailiff and when and if you have arrived at a verdict you will return to the court room. The alternate juror may remain just a few minutes, if you will.

"(Jury retired)

"Court: I think we can excuse you now.

"(Plaintiff excepts generally to the charge of the court)

"Mr. Malkoff: Defendant excepts generally to the charge of the court and specifically excepts to the charge on the assured clear distance ahead."

It is the opinion of this court that the matter of instruction can not be made the basis of an appeal on questions of law unless the matter was brought to the court's attention by a requested instruction, or unless the charge given was such as to deprive the party of a fair trial; such as to mislead the jury; or unless the court by. its statements has shown that an objection would be useless. See 2 **O. Jur., Paragraph 746, Page 1394.**

The foregoing article on instructions as set forth in the above cited volume of Ohio Jurisprudence further states:—

"It is well settled in Ohio that if a charge is good so far as it goes, its failure to deal with a particular question arising in the case or its omission of some matters which might have been included does not constitute reversible error unless the omission was called to the attention of the court by counsel and an instruction requested, provided the jury are not misled by the instruction given. This principle has been applied a great many times, in both civil and criminal cases.

"As has been remarked, although under the new and modern procedural act of Ohio governing civil cases, counsel are not required to make specific exceptions, the rule has not been modified that counsel cannot complain of errors of omission where they sit by and fail to make request for a more specific charge. The rule also applies with added force in criminal cases where counsel not only fails to request an additional instruction, but also expresses himself as satisfied with the charge as given, or states, when asked by the court if anything further is desired to be said to the jury, that nothing further is desired, or says or does nothing when the court asks. if there is anything further to be stated to the jury."

In the instant case, as set forth by the bill of exceptions before this court, at the end of his instructions to the jury the

court observed that he had finished his instructions "unless counsel has something further". As shown by the bill of exceptions both lawyers conferred with the court; but the bill of exceptions does not reveal that there was any request from the defendant-appellant to limit the application of the assured clear distance ahead doctrine as the court had defined it in his instructions to the jury. It is the opinion of this court that if the defendant-appellant believed that the doctrine of the assured clear distance ahead, as presented by the court, should have been limited, and the exceptions thereto made a part of the instructions, that the matter should have been called to the court's attention and made a part of the bill of exceptions so that the court's ruling on this matter might be properly before this court for examination.

In reviewing the testimony before the trial court there is very little controversy or difference as to the controlling facts. The testimony develops that Market Street and Woodland Avenue are public thoroughfares and intersect; that an electrically operated traffic control device controls traffic at said point of intersection; that the traffic on Woodland Avenue, east and west bound, had stopped for a red light as shown by the traffic signal, and that upon the light changing to amber and then green the Woodland Avenue traffic proceeded across Market Street; that among the cars proceeding west on Woodland Avenue was the Theisler car, in which plaintiff-appellee was a passenger; that a car driven by Paul Ashton proceeded east on Woodland Avenue, and intending to make a left turn on Market Street paused at the intersection to give the west bound traffic on Woodland Avenue an opportunity to clear the intersection; that the Theisler car had proceeded west across the intersection at Market Street to the westerly side of Market Street when it was struck by the car of the defendant-appellant, which was proceeding south on Market Street. There can be little or no doubt from the testimony that the Woodland Avenue traffic had the right of way as disclosed by the testimony, and that the Theisler car was legally proceeding across the intersection when it was struck by the south bound car of the defendant-appellant. The collision occurred at approximately 1:00 P. M.; and according to all testimony the weather was clear and the streets dry.

It is the opinion of this court that on the basis of the evidence and the instructions of the court that the jury could not have done otherwise than make a finding for the plaintiff-appellee.

On the basis of the instructions as set forth in the bill of exceptions this court is of the opinion that the same are somewhat abstract; and that the said instructions would be more ideally stated if they were founded on concrete examples and exemplifications of the law to the facts in the case. However, from the clarity and certainty of the testimony offered, we feel that the verdict of the jury could not have been changed, and that the instructions as given were not prejudicial to the rights of the defendant-appellant.

It is the opinion of this court that substantial justice has been done to the defendant-appellant; that his rights were not in any manner abridged or modified by reason of the instructions as given by the trial court; and that the verdict of the jury and the judgment of the court should be affirmed.

PHILLIPS, PJ, concurs in the judgment.
NICHOLS, J, concurs.